UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN ALBERTO RUIZ (A# 208-959-193),<br>Petitioner,<br>v.<br>WARDEN CAL CITY DETENTION CENTER, et al.,<br>Respondents. | No. 1:26-cv-07132 DAD SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding through counsel with a habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

## FACTUAL AND PROCEDURAL HISTORY

### I. Factual Background

Petitioner is a citizen and native of the Dominican Republic who was admitted to the United States on December 7, 2016, through a K-1 nonimmigrant visa. ECF No. 1-1. He has continuously resided in the United States since. ECF No. 1 at 2, ¶ 4. On January 19, 2018, Petitioner's status was adjusted to that of a conditional permanent resident. ECF No. 5-1 at 5. Petitioner's conditional permanent resident status was terminated on January 12, 2024, after he failed to appear for an interview. Id. On February 20, 2025, Immigrations and Customs

Enforcement ("ICE") issued Petitioner a Notice to Appear ("NTA") administratively charging him as deportable under 8 U.S.C. § 1227(a)(1)(D)(i) (termination of conditional permanent residence). Id.

On or around July 11, 2025, local law enforcement arrested Petitioner for domestic violence in violation of Florida Statutes § 784.03(1). ECF No. 5-1 at 3. On July 29, 2025, Petitioner pled guilty and was sentenced to one year of probation. ECF No. 1-1 at 6-10. On or around August 1, 2025, Immigrations and Customs Enforcement ("ICE") took Petitioner into custody and transferred him to the Krome North Service Processing Center in Miami, Florida. ECF No. 1-1 at 11-12. November 18, 2025, an immigration judge ("IJ") granted Petitioner's release on $4,000 bond with the condition that he have no further arrests. ECF No. 1-1 at 17-18. Petitioner timely paid the bond and was released from detention. ECF No. 1 at 3, ¶ 13.

On or around July 7, 2026, Petitioner was arrested for violating the terms of his probation. ECF No. 5-2 at 1-2. On August 5, 2026, the Florida judge overseeing Petitioner's criminal case revoked his probation for failure to comply with its conditions and sentenced him to 30 days in jail. ECF No. 1-1 at 25. ICE took Petitioner into custody following completion of his sentence. ECF No. 5-1 at 3. Petitioner is currently detained at the California City Detention Center within this judicial district. ECF No. 1 at 4, ¶ 24.

**II. Procedural Background**

Petitioner, through counsel, filed a § 2241 petition on September 4, 2026. ECF No. 1. Petitioner raises three claims for relief. His first two claims (Counts I and II) allege he was unable to meet the conditions of his probation because he was in ICE detention for four months of his twelve-month probation term. Therefore, because ICE revoked his bond based on his arrest for violating his probation, his current detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedures Act. ECF No. 1 at 8-9. Petitioner also alleges that ICE revoked his bond without pre-deprivation notice and hearing in violation of procedural due process (Count III).[1] Id. at 9-13. Petitioner seeks immediate release or the alternate remedy

[1] The petition inaccurately describes Petitioner's release on bond as a release on order of supervision pursuant to 8 U.S.C. § 1231. See ECF No. 1 at at 11, ¶ 56. The release framework

of a bond hearing before an IJ in which the government must establish, by clear and convincing evidence, that he presents a risk of danger or flight. Id.

Respondents argue that the petition should be dismissed without prejudice because Petitioner has not exhausted the administrative remedies available under 8 U.S.C. § 1226(a), i.e., a custody re-determination hearing before an IJ. ECF No. 5 at 2. Respondents also acknowledge that Petitioner has a liberty interest in his continued freedom from detention, but argue that § 1226(a)'s procedures more than adequately protect that interest. Id. at 3 (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)). Petitioner did not file a reply.

## LEGAL STANDARDS

### I. Constitutional Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews, 424 U.S. 319, applies. See Rodriguez Diaz, 53 F.4th at 1206-07. Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge "contends that the law is unconstitutional as applied to the

---

described in 8 U.S.C. § 1231 and Zadvydas v. Davis, 533 U.S. 678 (2001) is not at issue here because Petitioner does not have an order of removal.

litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

**II. Statutory Immigration Framework**

The Parties agree that 8 U.S.C. § 1226(a) governs Petitioner's detention. The Supreme Court discussed § 1226(a) and the statutory authority underlying Petitioner's NTA, § 1227(a), at length in Jennings v. Rodriguez, 583 U.S. 281 (2018):

> Even once inside the United States, [noncitizens] do not have an absolute right to remain here. For example, a [noncitizen] present in the country may still be removed if he or she falls "within one or more . . . classes of deportable [noncitizens]." [8 U.S.C.] § 1227(a). That includes [noncitizens] who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission. See §§ 1227(a)(1), (2).
>
> Section 1226 generally governs the process of arresting and detaining that group of [non-citizens] pending their removal . . . Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of [a non-citizen] 'pending a decision on whether the [non-citizen] is to be removed from the United States.' § 1226(a). 'Except as provided in subsection (c) of this section,' the Attorney General 'may release' [a non-citizen] detained under § 1226(a) 'on ...bond' or 'conditional parole.'

Jennings, 583 U.S. at 288.[2]

"When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After a custody redetermination hearing, "an individual detained

---

[2] The undersigned changed "alien" to "non-citizen" in these passages. This has become commonplace among jurists at the Supreme Court and Ninth Circuit in recent years. See Patel v. Garland, 596 U.S. 328 (2022) (Barrett, J.); United States v. Palomar-Santiago, 593 U.S. 321 (2021) (Sotomayor, J.); Barton v. Barr, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'") (citing 8 U.S.C. § 1101(a)(3))); Avilez v. Garland, 69 F.4th 525 (9th Cir. 2023); Arce v. United States, 899 F.3d 796 (9th Cir. 2018).

pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

**DISCUSSION**

Petitioner's due process challenge to his re-arrest without pre-deprivation notice and hearing (Count III) is his only viable claim.[3] Petitioner's prior release on $4,000 bond pursuant to § 1226(a) created a protected liberty interest that is "inherent in the Due Process Clause." Guillermo M.R. v. Kaiser, 791 F.Supp.3d 1021, 1030 (N.D. Cal. 2025) (citations omitted). The parties' dispute then turns on whether the post-deprivation statutory remedies available under 8 U.S.C. § 1226(a) adequately safeguard that liberty interest. For the reasons set forth below, the undersigned concludes that they do not.

Immigration officials may revoke a noncitizen's bond or parole "at any time" based on a change of circumstances, even if that individual has previously been released. 8 U.S.C. § 1226(b); Matter of Sugay, 17 I. & N. Dec. 637, 640 (BIA 1981)). However, numerous courts have held, and the undersigned agrees, that due process protections of the Fifth Amendment apply and require notice and an opportunity to be heard before a noncitizen's parole or bond is summarily revoked under section 1226(b). See J.C.E.P. v. Wofford, No. 1:25-cv-01559-EFB, 2026 WL 809865 (E.D. Cal. March 24, 2026) ("The requirements of due process, of course, supersede statutory and regulatory authority, and numerous courts have held that the Due Process clause entitles a noncitizen to notice and an opportunity to be heard before his parole or bond is summarily revoked under section 1226(b)."); Guzman v. Andrews, No. 1:25-cv-01015-KES-SKO (HC), 2025 WL 2617256, at *2 (E.D. Cal. Sept. 9, 2025) (pre-detention hearing required prior to revocation of the petitioner's release on bond); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (pre-detention hearing required prior to revocation of the petitioner's release on

---

[3] Petitioner's argument in Counts I and II that his ICE detention prevented him from completing his probation requirements is unsupported by the record. The warrant for Petitioner's arrest dated July 7, 2026, cites $330.00 in outstanding court costs and two missed domestic violence treatment sessions in May 2026—a month when Petitioner was not in ICE detention. Petitioner's ICE detention likely impeded his efforts to complete all 25 of his treatment sessions in one year. But the record plainly refutes the petition's assertion that his ICE detention was "the only reason he was unable to comply with the state court ordered courses." ECF No. 1 at 9, ¶ 50.

her own recognizance); Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) (similar).

Respondents counter that Petitioner's request for pre-deprivation relief is foreclosed by the Ninth Circuit's decision in Rodriguez Diaz, 53 F.4th at 1207-08. ECF No. 5 at 3. But Rodriguez Diaz upheld the constitutionality of § 1226(a)'s procedures in the fundamentally different context of a noncitizen's liberty interest in freedom from prolonged detention:

> [C]ontrary to the government's representations, the Ninth Circuit did not hold in Rodriguez Diaz that noncitizens facing removal under section 1226(a) have no due process right to a pre-detention hearing. It held only that a noncitizen detained under section 1226(a) does not have a right to a *second* bond hearing when the only changed material condition since their first bond hearing is the duration of their detention.

Pinchi, 792 F. Supp. 3d at 1034 (emphasis in original); see also Gagik T. v. Chestnut, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) ("Rodriguez Diaz addressed the adequacy of the burden allocation at a bond hearing for a person *already in custody*; it did not consider whether the Government may seize a person after years of government-sanctioned liberty without affording any prior process.") (emphasis in original). The petitioner in Rodriguez Diaz was transferred directly into ICE custody after serving a sentence in state prison. 53 F.4th at 1194. The Ninth Circuit had no occasion to address the adequacy of § 1226(a)'s procedures in the context presented here of a noncitizen's protected liberty interest in his continued release on bond. See Pinchi, 792 F. Supp. 3d at 1034 n.5 (finding that Rodriguez Diaz concerned a liberty interest "markedly different" from the one possessed by noncitizens "whom ICE has permitted to develop an out-of-custody life in the United States"). Thus, Respondents' reliance on Rodriguez Diaz is misplaced.

Having determined that the revocation of Petitioner's immigration bond entitled him to due process protections and that Rodriguez Diaz does not control, the undersigned concludes that Petitioner was entitled to notice and a pre-deprivation hearing before his bond was cancelled.[4]

[4] The undersigned additionally finds that exhaustion of Petitioner's constitutional claim through the immigration court would be futile. See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void"); Gagik T., 2026 WL 1837413, at *2 ("When, as here, the [ ] claim is a constitutional one beyond the agency's competence to resolve,

Petitioner's re-detention without notice and an opportunity to be heard violated his right to due process. Therefore, he is entitled to habeas relief.

Petitioner's criminal conviction and revocation of probation are insufficient to displace immediate release as the remedy in this case. Post-deprivation remedies in this context are appropriate only in cases with particularized flight risks that "urgently require arrest" and where a pre-deprivation hearing "would have been impracticable and/or would have motivated [petitioner's] flight." O.A.C.S. v. Wofford, No. 1:25-cv-1652 DAD CSK (HC), 2025 WL 3485221, at *4 (E.D. Cal. Dec. 4, 2025) (quoting Martinez Hernandez v. Andrews, No. 1:25-cv-1035 JLT HBK, 2025 WL 2495767, at *11–12 (E.D. Cal. Aug. 28, 2025)). Respondents do not identify any such urgency in this case that would make a pre-deprivation hearing impracticable. Thus, immediate release is the appropriate remedy.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED on Count III (procedural due process) as follows:

   a. Respondents be ORDERED to immediately release Petitioner CRISTIAN ALBERTO RUIZ (A# 208-959-193) from their custody; and

   b. Respondents be ENJOINED and RESTRAINED from de-detaining Petitioner without providing Petitioner notice and a pre-deprivation hearing before an IJ.

2. Any order adopting these findings and recommendations state that it does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

3. The Clerk be directed to:

   a. Serve the **California City Detention Facility** with a copy of this Order; and

   b. Enter judgment in Petitioner's favor and close the case.

---

[ ] prudential exhaustion [ ] does not bar review.").

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 28, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE